UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

JILL PERL,

    Plaintiff,

v.

OCEANIA CRUISES S. de R.L.
d/b/a OCEANIA CRUISES,

    Defendant.
_____/

**COMPLAINT AND REQUEST FOR ADVISORY JURY**

Plaintiff sues Defendant and alleges:

**PRELIMINARY ALLEGATIONS**

1. The Plaintiff, JILL PERL, is a citizen of Florida.

2. Defendant, OCEANIA CRUISES S. de R.L., d/b/a OCEANIA CRUISES., ("OCEANIA"), is a Panamanian limited liability company with its worldwide headquarters, principal address, and principal place of business at 7665 Corporate Center Drive, Miami, Florida 33126.

3. This matter is being filed pursuant to Defendant's federal forum selection clause within its passenger ticket contract and, because there is no diversity among the parties, it is brought under the admiralty and maritime jurisdiction of the Court. This is an admiralty or maritime claim within the meaning of Rule 9(h).

    a. Plaintiffs request an advisory jury trial pursuant to the remedies saved under the Saving to Suitors Clause of 28 U.S.C. §1333. *See Lewis v. Lewis & Clark Marine,*

- 1 -

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

- 2 -

*Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious… example of the remedies available to suitors."); *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996).  It is within the discretion of the court to allow for an advisory jury in an admiralty or maritime claim.

4. At all times material hereto, Defendant, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Operated vessels in the waters of this state;

    d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

    e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

    f. Defendant, as a common carrier, was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, vacation cruises aboard the vessel *Oceania Insignia.*

5. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the general maritime law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained, controlled, and/or had exclusive custody of the *Oceania Insignia.* ("the vessel").

- 3 -

8. On or about July 26, 2019, Plaintiff was a paying passenger on the vessel, which was in navigable waters.

9. On or about July 26, 2019, Plaintiff entered an elevator on deck six and pressed the elevator button for deck nine when the elevator started shaking and/or jolting up and down. Plaintiff then pressed the elevator button for deck six, when suddenly the elevator malfunctioned as the elevator doors rapidly opened and the elevator jolted upwards, catapulting Plaintiff out of the elevator and onto deck six, causing Plaintiff to sustain severe injuries.

## COUNT I – NEGLIGENT FAILURE TO WARN AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though alleged originally herein.

10. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

11. At all times material hereto, it was the duty of Defendant to warn passengers (like Plaintiff) of dangers that were known, or reasonably should have been known, to Defendant in places where passengers (like Plaintiff) are invited to or may reasonably be expected to visit.

12. On or about July 26, 2019, the Plaintiff was on deck six inside a public elevator aboard Defendant's vessel, which is a place that Plaintiff was invited to by Defendant and a place Defendant reasonably expected Plaintiff to be in during the cruise.

13. On or about July 26, 2019, Defendant and/or its agents, servants and/or employees breached its duty to warn the Plaintiff through the following acts and/or omissions:

    a. Failure to warn the Plaintiff of the elevator's dangerous conditions; and/or

    b. Failure to warn the Plaintiff of the risks and/or dangers associated with the malfunctioning elevator on deck six; and/or

   c. Failure to warn passengers and the Plaintiff of other elevator-malfunction accidents previously occurring on the same elevator and/or the same type of elevator involved with Plaintiff's incident.

14. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have used the malfunctioning elevator had Defendant and/or its agents, servants and/or employees adequately warned and/or communicated the foregoing to the Plaintiff.

15. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing the Plaintiff's incident and failed to correct and/or warn the Plaintiff about them, or the foregoing dangerous conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected and/or warned the Plaintiff about them.  Insofar as it relates to conditions that Defendant did not create, Defendant's knowledge was or should have been acquired through prior incident(s) and/or through its maintenance and/or inspections of the subject elevator(s).

16. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap.  The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.

   **WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests trial with an advisory jury.

**COUNT II – NEGLIGENT FAILURE TO MAINTAIN AGAINST DEFENDANT**

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though alleged originally herein.

17. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

18. At all times material hereto, it was the duty of Defendant to maintain elevators, including the elevator Plaintiff entered on deck six, in a reasonably safe condition.

19. On or about July 26, 2019, Defendant and/or its agents, servants and/or employees breached its duty through the following acts and/or omissions:

   a. Failure to adequately and regularly inspect the elevators onboard to determine whether the elevators were reasonably safe for use and not malfunctioning; and/or

   b. Failure to maintain the elevator, including the operating equipment, involved with Plaintiff's incident in a reasonably safe condition in light of the anticipated and extensive use of the elevator; and/or

   c. Failure to adequately operate, maintain, and repair the mechanical and electrical systems of the elevator involved with Plaintiff's incident, so as to avoid unreasonable hazards to passengers; and/or

   d. Failure to promulgate and/or enforce reasonable policies and procedures with regard to adequately inspecting, operating, maintaining, and repairing the mechanical and electrical systems of the elevator involved with Plaintiff's incident; and/or

   e. Failure to adequately inspect and/or maintain the subject elevator in a reasonably safe condition; and/or

   f. Failing to follow the manufacturer of the elevator's instructions for maintaining the electronical and mechanical equipment; and/or

  g. Failure to promulgate and/or enforce adequate policies and procedures to inspect and/or maintain the subject elevator in a reasonably safe condition; and/or

  h. Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer her accident.

20. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and/or maintain the subject elevator.

23. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.  This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of the elevators aboard the subject vessel and/or through prior incidents involving passengers injured due to the wet floor in the subject area on Defendant's vessels and/or Defendant's similar vessels using the same flooring surface.

24. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, and suffered physical handicap. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.  In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation costs.  Further, the injuries resulting from his fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests trial with an advisory jury.

### COUNT III – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-alleges, adopts and incorporates by reference the allegations in paragraphs one (1) through nine (9) as though alleged originally herein.

25. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

26. On or about July 26, 2019, Defendant and/or its agents, servants and/or employees breached its duty to provide Plaintiff with reasonable care under the circumstances through the following acts and/or omissions:

   a. Failure to adequately operate, maintain, and repair the mechanical and electrical systems of the elevator involved with Plaintiff's incident, so as to avoid unreasonable hazards to passengers; and/or

   b. Failure to provide instruction to the Plaintiff before and/or during the subject cruise with respect to malfunctioning elevators on board the subject vessel; and/or

   c. Failure to promulgate and/or enforce reasonable policies and procedures with regard to warning passengers on the subject vessel of the dangerous conditions involved with elevators, including when it malfunctions; and/or

   d. Failure to promulgate and/or enforce reasonable policies and procedures with regard to adequately inspecting, operating, maintaining, and repairing the mechanical and electrical systems on the elevator involved with Plaintiff's incident; and/or

   e. Failure to provide adequate training to the personnel inspecting, operating, maintaining, and repairing the mechanical and electrical systems of the elevators,

so as to avoid unreasonable hazards to passengers; and/or

f. Failing to take the elevator off line until it was safe to use; and/or

g. Failing to follow reports and recommendations concerning safe operation of the elevator; and/or

h. Other acts or omissions constituting a breach of the duty to use reasonable care under the circumstances which are revealed through discovery.

27. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for such acts and/or omissions.

28. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them. This knowledge was or should have been acquired through Defendant's maintenance and/or inspections of elevators aboard the subject vessel and/or through prior incidents involving passengers injured due to the wet floor in the subject area on Defendant's vessels and/or Defendant's similar vessels using the same flooring surface.

29. As a direct and proximate result of the negligence of Defendant, Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and Plaintiff's working ability has been impaired. The injuries are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise, and transportation

- 9 -

costs. Further, the injuries resulting from her fall are permanent or continuing in nature and Plaintiff will suffer these losses and impairments into the future.

  **WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and requests trial with an advisory jury.

                Respectfully submitted,

                LIPCON, MARGULIES,
                ALSINA & WINKLEMAN, P.A.
                *Attorneys for Plaintiff*
                One Biscayne Tower, Suite 1776
                2 S. Biscayne Boulevard
                Miami, Florida 33131
                Telephone No.: (305) 373-3016
                Facsimile No.: (305) 373-6204

By:  */s/ Michael A. Winkleman*
    **MICHAEL A. WINKLEMAN**
    Florida Bar No. 36719
    mwinkleman@lipcon.com
    **ANDREW S. FREEDMAN**
    Florida Bar No. 091087
    afreedman@lipcon.com
    **DANIEL W. GRAMMES**
    Florida Bar No. 1010507
    dgrammes@lipcon.com